DAUKSCH, Judge.
I respectfully dissent.
Appellant was stopped by a deputy sheriff for failing to maintain a single lane and the van appellant was driving was seized and- impounded by the deputy because no vehicle identification number (VIN) could be found. Later, it was found and the vehicle was ultimately returned to appellant. Apparently appellant was not arrested for any crime relating to the lack of a VIN plate. About three weeks later the same deputy saw appellant again driving the same van and because the deputy knew from his previous encounter that appellant’s driver license was suspended he again stopped appellant.
The question on appeal, as explained by the majority opinion, is whether the trial judge was correct in instructing the jury regarding the applicable statute. As far as that is concerned I am simply in disagreement with the trial judge and the two judges of this court who are of the opinion that the jury instruction was correct. It was proved at trial that the vehicle had, at one time, at least two VIN’s. One was removed when the van was rebuilt and painted and the other remained on the vehicle. The legislature did not say which VIN must remain on the vehicle and I don’t think it is up to judges or juries to decide what is best. In fact I would say the “hidden” VIN, which is harder to locate than the visible one, is the most critical one for crime-stopping purposes. If the evil to be prevented is the taking-apart and reassembling of stolen vehicles by “chop shops,” and I believe that it is, then the hidden VIN is the important one. But, of course, what I think does not matter because it is up to the legislature to define crimes and to do so precisely. It is not up to judges or juries to speculate as to what really was intended and then decide accordingly.
Would it that appellant had attacked the statute for vagueness, or challenged the sufficiency of the evidence at trial.